**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHRISTINE CHEN, MICHAEL NGUYEN, and all other similarly situated employees of SS&C,<br><br>Plaintiffs,<br><br>v.<br><br>SS&C TECHNOLOGIES, INC.,<br><br>Defendant. | CIVIL ACTION FILE<br><br>No. ___________________<br><br>**NOTICE OF REMOVAL**<br><br>Removed From:<br>Supreme Court of the State of New York, County of New York<br>Index No. 151114/2022 |

PLEASE TAKE NOTICE that Defendant SS&C Technologies, Inc. ("SS&C") hereby removes this action from the Supreme Court of the State of New York for the County of New York, to the United States District Court for the Southern District of New York. SS&C removes this matter pursuant to 28 U.S.C. §§ 1332(a)(1), 1332(d), 1441, 1446, and 1453, and states as follows:

## I. SUMMARY OF COMPLAINT

1. On February 5, 2022, Plaintiffs Christine Chen and Michael Nguyen ("Named Plaintiffs") commenced a civil action in the Supreme Court of the State of New York, County of New York (the "Complaint"), where the case was assigned the Index No. 151114/2022. A true and correct copy of the Summons and "Class Action Complaint" are attached hereto as **Exhibit A.**

2. Named Plaintiffs served Defendant with a Summons and a copy of the Complaint on February 18, 2022. A true and correct copy of the Affidavit of Service filed by Named Plaintiffs verifying service on Defendant SS&C is attached hereto as **Exhibit B**.

3. The Complaint asserts two causes of action under New York Labor Law ("NYLL") §§ 663, 190, and 191, and New York Codes, Rules and Regulations ("NYCRR") § 142–2.2 for failure to pay overtime compensation.

4. Named Plaintiffs bring this action as a putative class action. They seek to certify a class of employees who have the title of Senior Associate or Associate and worked in SS&C's New York offices during the period February 1, 2016 through the present. According to the Complaint, Named Plaintiffs and the putative class members are entitled to unpaid overtime, interest, attorneys' fees, and costs. Therefore, for purposes of this Notice of Removal, this matter is a class action as that term is defined pursuant to 28 U.S.C. §§ 1332(d)(1)(B) and 1453.[1]

5. Pursuant to 28 U.S.C. § 1446(a), the attached exhibits constitute all process, pleadings and orders served upon Defendants or filed or received in this action by Defendant.

## II. VENUE

6. Because the Supreme Court of New York County, New York, lies in the Southern District of New York, this Court is the appropriate venue for removal. *See* 28 U.S.C. §§ 112(b) and 1441(a).

## III. THIS COURT HAS DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. § 1332(A)

7. Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over actions in which the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

---

[1] SS&C does not concede, and reserves the right to contest, Named Plaintiffs' allegations that any individuals are similarly situated to Named Plaintiffs and that this lawsuit may properly proceed as a class action. Plaintiffs do not allege, nor do SS&C's records reflect, that either Named Plaintiff ever held the title of Associate.

**A. Diversity of Citizenship Exists**

8. For diversity purposes, an individual is a citizen of the state in which he or she is domiciled with the intent to remain. *Linardos* v. *Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998). "The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary. *Dist. of Columbia* v. *Murphy*, 314 U.S. 441, 455 (1941); *see also Willis* v. *Westin Hotel Co.*, 651 F. Supp. 598, 601 (S.D.N.Y. 1986) ("An individual's residence at the time a lawsuit is commenced provides prima facie evidence of his domicile."). Plaintiff Nguyen alleges that he resides in New York. (Compl. ¶ 4). Plaintiff Chen alleges that she resides in Florida. (*Id.* ¶ 5.) Accordingly, Named Plaintiffs Nguyen and Chen are citizens of New York and Florida, respectively, for purposes of diversity jurisdiction.

9. For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of the State in which it was incorporated and that State in which it has its principal place of business. 28 U.S.C. § 1332(c)(1).

10. Defendant SS&C is incorporated in the State of Delaware, and its principal place of business is Windsor, Connecticut. (Declaration of Alicia R. Neville in Support of Defendant's Removal of Civil Action from State Court ("Neville Decl."), ¶ 3.) Accordingly, SS&C is a citizen of Delaware and Connecticut, and not New York,[2] for diversity purposes. 28 U.S.C. §§ 1332(a)(1), (c)(1).

[2] Named Plaintiffs allege that SS&C's principal place of business is located at 1301 Sixth Avenue, New York, New York 10019. (Compl. ¶ 6). This is incorrect. As stated in the Declaration of Alicia R. Neville SS&C's principal place of business is located at 80 Lamberton Road, Windsor, CT 06095. (Neville Decl. ¶ 5.) Named Plaintiffs make no allegation as to Defendant's state of incorporation, alleging only that Defendant is a "foreign corporation registered and authorized to do business in New York." (Compl. ¶ 6).

**B. The Amount in Controversy Exceeds $75,000**

11. Named Plaintiffs' Complaint does not allege a specific amount in controversy but states that Named Plaintiffs seek to recover compensatory damages, plus interest, attorneys' fees and costs. (Compl. 6–7.)

12. Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy[.]" 28 U.S.C. § 1446(c)(2)(A).

13. A removing defendant "has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount" of $75,000. *Hager* v. *Steele*, 20 Civ. 4482 (LGS), 2020 WL 4345735, at *1 (S.D.N.Y. July 29, 2020).

14. Although Defendant denies the validity and merit of Named Plaintiffs' claims and allegations, and denies that Named Plaintiffs are entitled to any relief, for purposes of this Notice of Removal, Named Plaintiffs' claims each establish an amount in controversy in excess of the jurisdictional minimum of $75,000, exclusive of interest and costs.

15. Plaintiff Nguyen alleges that he "was employed by Defendant as a Senior Associate from approximately January 2017 to September 2018." (Compl. ¶ 16). Plaintiff Nguyen further alleges that he was paid an annual salary of $87,500.00 and that he "typically worked Monday to Friday from 8:00 or 8:30 AM until 7:00 or 8:00 PM. Sometimes he would work on Saturdays and/or Sundays as well." (*Id.* ¶¶ 17, 19). Thus, Plaintiff Nguyen alleges that he worked between 52.5 and 84 hours per week.

16. Accordingly, taking Named Plaintiffs' allegations as true for purposes of this Notice of Removal only, Plaintiff Nguyen worked an average of 28.25 hours of overtime per week, and therefore pleads damages of approximately $160,431.75 for himself individually.[3]

17. Plaintiff Chen alleges that she "was employed by Defendant as a Senior Associate from approximately August 2017 to December 2018." (*Id.* ¶ 21). Plaintiff Chen further alleges that she was paid an annual salary of $90,000.00 and that she "typically worked Monday to Friday from 9:00 AM until approximately 8:00 PM and sometimes later. Sometimes she would work on Saturdays as well." (*Id.* ¶¶ 22, 24). Accordingly, Plaintiff Chen alleges that she worked between 55 and 66 hours per week.

18. Thus, taking Named Plaintiffs' allegations as true for purposes of this Notice of Removal only, Plaintiff Chen worked an average of 20.5 hours of overtime per week, and pleads damages of approximately $97,122.85 for herself individually.[4]

---

[3] Using the salary of $87,500 per year alleged in the Complaint, Nguyen earns $1,682.69 per week ($87,500 / 52 weeks = $1,682.69). Assuming a 40-hour workweek, Nguyen's alleged regular hourly rate is $42.07 ($1,682.69 / 40 hours = $42.07). Calculated at a rate of 1.5 times the regular rate, Nguyen would have an overtime ("OT") rate of $63.10 per hour ($42.07 x 1.5 = $63.10). Nguyen alleges that he worked between 12.5 and 44 hours of overtime per week ((52.5 - 40 = 12.5) and (84 - 40 = 44)), for an average of 28.25 hours per week (12.5 + 44 = 56.5 / 2 = 28.25). Over the alleged 90 week period of employment, Nguyen's unpaid overtime wages amount to $160,431.75 based on the allegations in the Complaint ($63.10 x 28.25 hours OT per week x 90 weeks = $160,431.75). For purposes of this Notice of Removal, all damages have been calculated at a rate of 1.5 times the regular rate of pay, as alleged in the Complaint. *See* Compl. ¶ 39; *see also* 12 NYCRR § 142-2.2. Defendant does not concede that any damages are warranted or that this is an appropriate method for calculating damages in this case.

[4] Using the salary of $90,000 per year alleged in the Complaint, Chen earns $1,730.76 per week ($90,000 / 52 weeks = $1,730.76). Assuming a 40-hour workweek, Chen's alleged regular hourly rate is $43.27 ($1,730.76 / 40 hours = $43.27). Calculated at a rate of 1.5 times the regular rate, Chen's OT rate is $64.90 per hour ($43.27 x 1.5 = $64.90). Chen alleges that she worked between 15 and 26 hours of OT per week ((56 - 40 = 15) and (66 - 40 = 26)), for an average of 20.5 OT hours per week (15 + 26 = 41 / 2 = 20.5). Over the alleged 73 week period of employment, Chen's unpaid overtime wages amount to $97,122.85 based on the allegations in the Complaint ($64.90 x 20.5 hours of OT per week x 73 weeks = $97,122.85).

19. Accordingly, based on Plaintiffs' allegations, the amount in controversy with respect to Plaintiffs' individual claims is $160,431.75 for Nguyen plus $97,122.85 for Chen, which totals $257,554.60.

20. In short, Named Plaintiffs' individual claims each exceed $75,000. Therefore, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) for each of the Named Plaintiff's claims in their individual capacity, even without taking into consideration Named Plaintiffs' claim for attorneys' fees, which, as discussed below, *see infra* ¶¶ 37–39, is expressly permitted under the NYLL, and without taking into consideration the putative class claims.

## IV. THIS COURT ALSO HAS CAFA JURISDICTION PURSUANT TO 28 U.S.C. § 1332(D)

21. Removal jurisdiction also exists because this Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). CAFA grants federal district courts original jurisdiction over civil class action lawsuits against a non-governmental entity in which any plaintiff is a citizen of a state different from any defendant, and where the amount in controversy exceeds $5,000,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446.

22. As set forth below, this case meets each CAFA requirement for removal, and is timely and properly removed by the filing of this Notice of Removal. Specifically, this Court has jurisdiction over this case under CAFA because it is a putative civil class action wherein: (1) the proposed class contains at least 100 members; (2) Defendant is not a state, state official, or other governmental entity; (3) there is diversity between at least one plaintiff and one defendant; and (4) the amount in controversy for all class members exceeds $5,000,000.00. The Supreme Court has explained that CAFA's provisions are to be read broadly and that "no antiremoval presumption

attends cases invoking CAFA." *Dart Cherokee Basin Operating Co., LLC.* v. *Owens*, 574 U.S. 81, 89 (2014) (citing S. Rep. No. 109–14, at 43 (2005)).

23. SS&C denies any liability in this case, both as to Named Plaintiffs' individual claims and as to the claims they seek to pursue on behalf of the putative class. SS&C expressly reserves all rights to contest the merits of Named Plaintiffs' allegations, including that this action may properly proceed as a class action.[5] SS&C further reserves all rights to oppose class certification and believes that class or representative treatment is inappropriate under these circumstances, in part, because there are innumerable material differences between the employment and claims of Named Plaintiffs and the putative class members they seek to represent. Nevertheless, as discussed below, exclusively for purposes of the jurisdictional requirements for removal, the allegations in the Complaint identify a putative class of more than 100 members and put in controversy an aggregate amount that exceeds $5,000,000.00.

**A. The Proposed Class Contains At Least 100 Members**

24. As a preliminary matter, Named Plaintiffs purport to bring this case as a class action on behalf of themselves and all others similarly situated pursuant to New York Civil Practice Law and Rules § 901 *et seq*. CPLR § 901 authorizes an action to be brought by one or more representative persons as a class action. As such, this action is properly considered a putative class action for purposes of determining jurisdiction under CAFA.

25. Named Plaintiffs define the putative class as "all similarly situated employees who performed work for Defendant in New York since February 5, 2016." (Compl. ¶ 9.) Named

[5] No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiffs will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise. *See Ibarra* v. *Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) ("[W]hen defendants have persuaded a court upon a CAFA removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceedings . . . . because [defendants] are not stipulating to damages suffered, but only estimating the damages that are in controversy.").

Plaintiffs further allege that "putative class members are designated either as Senior Associate or Associate" and that "[t]he size of the putative class is believed to be in excess of one hundred (100) employees." (*Id.* ¶¶ 10, 26.) Accordingly, although SS&C expressly reserves all rights to oppose class certification and denies that this action meets the Federal Rule of Civil Procedure 23 requirements for class certification, for purpose of this Notice of Removal, Defendant has established that the putative class contains more than 100 members. *See Henry* v. *Warner Music Grp. Corp.*, No 12 CIV. 5031 PGG, 2014 WL 1224575, at *3 (S.D.N.Y. Mar. 24, 2014) (in determining whether a removing defendant has met its burden, courts "look first to plaintiffs' complaint and then to [the defendant's] petition for removal" (quoting *Mehlenbacher* v. *Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)).

26. Moreover, SS&C's employment records further demonstrate that the putative class as defined in the Complaint easily consists of more than 100 members. By way of example, as set forth in the Neville Declaration, based on a review of SS&C's employment records, there were at least 171 Senior Associates who worked for SS&C in New York in 2019, just one year of the 6-year class period. (Neville Decl. ¶ 6.).

**B. Defendant is not a Governmental Entity**

27. SS&C is not a state, state official, or any other governmental entity. (Neville Decl. ¶ 3.)

**C. The Parties Have Minimal Diversity Under CAFA**

28. CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A), 1453(b). As addressed above, Plaintiff Nguyen is a citizen of the State of New York and Plaintiff Chen is a citizen of the State of Florida. Defendant is incorporated in the State

of Delaware and maintains a principal place of business in Windsor, Connecticut. (Neville Decl. ¶ 3.) Accordingly, minimal diversity of citizenship exists.

**D. The Amount in Controversy Exceeds $5 Million**

29. CAFA authorizes the removal of putative class actions in which, among the other factors mentioned above, the aggregate amount in controversy for all class members exceeds five million dollars ($5,000,000.00). 28 U.S.C. § 1332(d)(6).

30. Although Defendant denies the validity and merit of Named Plaintiffs' claims and allegations, and vigorously denies that (i) Named Plaintiffs and putative class members are entitled to any relief, and (ii) Named Plaintiffs are adequate class representatives, it is apparent from the allegations that, given the size of the putative class and the nature of the damages sought, the amount in controversy easily exceeds the jurisdictional threshold.

31. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89; *see also Cutrone* v. *Mortg. Elec. Registration Sys.*, 749 F.3d 137, 148 (2d Cir. 2014) (removal proper where defendant "alleg[ed] facts adequate to establish the amount in controversy in its notice of removal"); *Jimenez-Castro* v. *Greenwich Ins. Co.*, No. 20-CV-09210 (ALC), 2020 WL 7352505, at *5 (S.D.N.Y. Dec. 15, 2020) ("In a removal petition, a defendant is not required to state the *exact* amount of damages that the plaintiff seeks, but the defendant must state, with good faith, its belief that the plaintiff is seeking enough money to establish federal jurisdiction.").

32. To satisfy this burden, "[t]here is a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Shulman* v. *Chaitman LLP*, 392 F. Supp. 3d 340, 354 (S.D.N.Y. 2019). This presumption is not defeated merely because it is possible that damages might be less than $5 million—rather, to rebut this

presumption, there must be "a legal certainty that the plaintiff could not recover the amount alleged[.]" *Henao* v. *Parts Authority, LLC*, 2020 WL 5751175, at *6 (S.D.N.Y. Sept. 25, 2020).

33. The amount in controversy is satisfied on the *possible* recovery if Named Plaintiffs and the class were to win on all of their claims; whether they are likely to recover anything based on the merits of the case is irrelevant to the amount in controversy analysis. The jurisdictional determination is to be made on the basis of the plaintiff's allegations, not on the likelihood of recovery. *Orlander* v. *Staples, Inc.*, No. 13 CIV. 703 NRB, 2013 WL 5863544, at *2 (S.D.N.Y. Oct. 31, 2013); *see also Bigsby* v. *Barclays Cap. Real. Est., Inc.*, 170 F. Supp. 3d 568, 579 (S.D.N.Y. 2016) ("When assessing the jurisdictional amount, the Court considers the plaintiffs' allegation, not the likelihood of recovery." (internal citations omitted)).

34. Here, assuming, for purposes of this Notice of Removal only, that Plaintiff Nguyen and Plaintiff Chen's claims are representative of the putative class, each class member would seek on average at least $128,777.30 in damages for unpaid overtime compensation.[6] In other words, using a conservative estimate of 100 members (the minimum number of class members alleged in the Complaint) similarly situated to the Named Plaintiffs, the amount in controversy with respect to the unpaid overtime claim totals approximately $12,877,730.00 for the putative class.[7]

35. Moreover, the amount in controversy for the class's claims exceeds the jurisdictional minimum even assuming that half of the class worked as Associates and received a lower rate of pay than the Named Plaintiffs. Named Plaintiffs allege that putative class members

---

6 As alleged in the Complaint, Plaintiff Nguyen seeks approximately $160,431.75 in damages for unpaid overtime and Plaintiff Chen seeks approximately $97,122.85 in damages for unpaid overtime, which totals $257,554.60. *See* ¶ 19, *infra*. The average of that total is $128,777.30 ($160,431.75 + $97,122.85 / 2 = $128,777.30).

7 100 putative class members x $128,777.30 (the average of the overtime damages claimed by the two Named Plaintiffs) = $12,877,730.00

"are designated as either Senior Associate or Associate[.]" (Compl. ¶ 26.) Named Plaintiffs further allege that Senior Associates "are paid a modest amount more than Associates." (*Id.* ¶ 30.)

36. Assuming that the class consists of 50% Associates who earn $58,500 per year,[8] using the average of the alleged overtime hours and the average number of weeks allegedly worked by the Named Plaintiffs, unpaid overtime damages for a hypothetical Associate class member's claims total approximately $83,813.07.[9] Accordingly, assuming a class of 100 members similarly situated to the Named Plaintiffs, 50 of whom are Associates and 50 of whom are Senior Associates, the amount in controversy for the unpaid overtime claim totals approximately $10,629,518.50 for the putative class.[10]

37. Plaintiffs also request attorneys' fees in the Complaint. (Compl. ¶ 46(1)–(2).) "Attorney's fees can be considered as part of the amount in controversy where they are anticipated or awarded in the governing statute. Because this action is brought pursuant to the NYLL, which expressly allows for an award of attorneys' fees . . . attorneys' fees may be included in the calculation of the amount in controversy. In wage-and-hour cases, including those brought under

---

8 $58,500.00 represents the minimum annual salary required for an employee to qualify as exempt from overtime compensation requirements under the NYLL administrative or executive exemptions and is, therefore, a conservative salary estimate for these putative class members. 12 NYCRR § 142-2.14(c)(4).

9 At a salary of $58,500 per year, a hypothetical Associate would earn $1,125.00 per week ($58,500 / 52 = $1,125.00). The regular rate of pay based on a 40-hour workweek would be $28.13 per hour ($1,125.00 / 40 = $28.13). Calculated at a rate of 1.5 times the regular rate of pay, a hypothetical Associate would earn an OT rate of $42.19 per hour ($28.13 x 1.5 = $42.19). Assuming that Associates worked overtime hours consistent with Named Plaintiffs' allegations, an Associate class member worked an average of 24.375 overtime hours per week (28.25 average OT hours alleged by Nguyen + 20.5 average OT hours alleged by Chen = 48.75 / 2 = 24.375 average OT hours). Assuming that Associates worked an average number of weeks consistent with Named Plaintiffs' allegations, an Associate class member would have an average 81.5 week period of employment, and the Associate's unpaid overtime wages would amount to $83,813.07 ($42.19 x 24.375 hours x 81.5 weeks = $83,813.07). *See* ¶¶ 15–18, *infra*.

10 The damages for Associate class members total $4,190,653.50 ($83,813.07 damages per Associate * 50 class members = $4,190,653.50). The damages for Senior Associate class members total $6,438,865.00 ($128,777.30 damages per Senior Associate * 50 class members = $6,438,865.00). Combined, class damages would amount to $10,629,518.50 ($6,438,865 + $4,190,653.50 = $10,629,518.50). *See*, ¶ 34, *infra*.

the NYLL, '[f]ee awards representing one third of the total recovery are common in this District.'" *Ramirez* v. *Oscar De La Renta, LLC*, No. 16-CV-7855 (RA), 2017 WL 2062960, at *6 (S.D.N.Y. May 12, 2017).

38. Here, an award of a one-third recovery is $4,292,576.67, assuming a 100 member class compensated similarly to the Named Plaintiffs, or $3,543,172.83 assuming a 100 member class consisting of 50% Senior Associates compensated similarly to the Named Plaintiffs and 50% Associates who are paid an annual salary of $58,500.00.

39. Accordingly, taking into account Plaintiffs' request for attorneys' fees, the amount in controversy is $17,170,306.67, assuming a 100 member class compensated similarly to the Named Plaintiffs, or $14,172,691.33 assuming a 100 member class consisting of half Senior Associates compensated similarly to the Named Plaintiffs and half Associates who are paid at a lower rate.

40. Based on the foregoing, it is clear that the CAFA amount in controversy requirement is easily satisfied here. Defendant expressly reserves and does not waive its right to supplement and/or amend this Notice of Removal and/or offer evidence supporting the Court's jurisdiction over this action under CAFA or otherwise, including without limitation as to additional and/or different amounts in controversy. Additionally, Defendant assumes that the proposed class is as defined by Plaintiffs in the Complaint for purposes of this Notice of Removal only, but expressly reserves and does not waive its position that the definition of the proposed class is improper and/or cannot be certified.

## V. COMPLIANCE WITH PROCEDURAL REQUIREMENTS

41. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is being filed on March 16, 2022, which is within thirty days of Plaintiffs' service of the Complaint upon Defendant.

42. In accordance with 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Filing of Notice of Removal is attached as **Exhibit C**. This Notice to State Court will be filed in the Supreme Court of the State of New York, County of New York, where this action was filed and has been pending.

## VI. CONCLUSION

**WHEREFORE**, having fulfilled all statutory requirements, Defendant requests that this action be removed from Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York, and requests that this Court assume full jurisdiction over this matter as provided by law. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and oral argument in support of its position that this case is subject to removal.

Dated: March 16, 2022
New York, New York

Respectfully submitted,

/s/ Liza M. Velazquez

PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
Jay Cohen
Liza M. Velazquez
Maria H. Keane
Kim Francis
1285 Avenue of the Americas
New York, New York 10019
Tel.: (212) 373-3000
Email: jaycohen@paulweiss.com
Email: lvelazquez@paulweiss.com
Email: mkeane@paulweiss.com
Email: kfrancis@paulweiss.com
*Counsel for Defendant SS&C*