# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| CHRISTINE CHEN, MICHAEL NGUYEN, and all other similarly situated employees of SS&C,<br><br>　　　　　　　　　　　　　　　Plaintiffs,<br><br>-against-<br><br>SS&C TECHNOLOGIES, INC.,<br><br>　　　　　　　　　　　　　　　Defendant. | Index No.:<br><br>Date Filed:<br><br>**SUMMONS**<br><br>Plaintiff designates the County of New York as the place of trial. |

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned to serve upon Named Plaintiffs' attorneys an answer to the complaint in this action within 30 days after service of this summons. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
　　　　February 5, 2022

　　　　　　　　　　　　　　　　　　　　　　VIRGINIA & AMBINDER, LLP

　　　　　　　　　　　　　　　　　　　　　　/s/ LLOYD R. AMBINDER
　　　　　　　　　　　　　　　　　　　　　　By: Lloyd R. Ambinder, Esq.
　　　　　　　　　　　　　　　　　　　　　　Jenny S. Brejt, Esq.
　　　　　　　　　　　　　　　　　　　　　　40 Broad Street – 7th Floor
　　　　　　　　　　　　　　　　　　　　　　New York, New York 10004
　　　　　　　　　　　　　　　　　　　　　　Lambinder@vandallp.com
　　　　　　　　　　　　　　　　　　　　　　(212) 943-9080
　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Named Plaintiffs and Putative Class*

TO:　　SS&C Technologies Inc.
　　　　1301 Sixth Avenue
　　　　New York, New York 10019


　　　　Service of process address:
　　　　SS&C Technologies, Inc.
　　　　c/o Corporation Service Company
　　　　80 State Street
　　　　Albany NY 12207-2543

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

CHRISTINE CHEN, MICHAEL NGUYEN, and all other similarly situated employees of SS&C,

Plaintiffs,

-against-

SS&C TECHNOLOGIES, INC.,

Defendant.

Index No.:

**CLASS ACTION COMPLAINT**

Named Plaintiffs, by their attorneys Virginia and Ambinder, LLP, allege upon knowledge to themselves and upon information and belief as to all others matters as follows:

## PRELIMINARY STATEMENT

1. The Named Plaintiffs Christine Chen and Michael Nguyen and a putative class of other similarly situated individuals (collectively "Plaintiffs") were employed by Defendant SS&C Technologies, Inc. ("SS&C" or "Defendant") as "Senior Associates" and "Associates" during the period February 1, 2016 through the present.

2. Upon information and belief, Defendant has engaged in the policy and practice of requiring Plaintiffs to regularly work in excess of 40 hours per week, without providing overtime compensation as required by applicable state law.

3. Plaintiffs have initiated this action for themselves, and on behalf of all similarly situated employees, to recover alleged unpaid overtime compensation, which they are statutorily and/or contractually entitled to receive for their services.

## PARTIES

4. Plaintiff Michael Nguyen is an individual who resides in New York, and was formerly employed by Defendant from January 2017 to September 2018.

1

5. Plaintiff Christine Chen is an individual who resides in Florida, and was employed by Defendant from August 2017 to December 2018.

6. Defendant SS&C is a foreign corporation registered and authorized to do business in New York, with a principal place of business at 1301 Sixth Avenue, New York, New York 10019.

7. Upon information and belief, Plaintiffs performed work that benefitted Defendant.

## CLASS ALLEGATIONS

8. This action is properly maintainable as a Class Action under Article 9 of the New York Civil Practice Law and Rules.

9. This action is brought on behalf of Named Plaintiffs and a putative class consisting of similarly situated employees who performed work for Defendant in New York since February 5, 2016.

10. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of one hundred (100) employees. In addition, the names of all potential members of the putative class are not known or knowable at this time.

11. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to: (1) whether Plaintiffs were eligible to be paid at time and one-half times their regular rate of pay for work performed in excess of forty hours in a consecutive seven-day week, and; (2) whether Defendant failed to pay such overtime compensation to the Named Plaintiffs and putative class members in any week commencing on February 5, 2016.

12. The claims of the Named Plaintiffs are typical of the claims of the putative class. Plaintiffs and putative class members were all subject to the Defendant's policies and willful

practice of violating wage and hour statutes by failing to provide overtime wages, at a rate of one and one-half times the regular rate of pay, for all hours worked in excess of 40 hours in any given week.

13. Named Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

14. Named Plaintiffs have retained counsel experienced in complex wage and hour class action litigation.

15. A class action is superior to other available method for the fair and efficient adjudication of this controversy. The Named Plaintiffs and putative class members lack the financial resources to adequately prosecute separate lawsuits against Defendant. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendant's policies.

**GENERAL FACTUAL ALLEGATIONS**

16. Named Plaintiff Michael Nguyen was employed by Defendant as a Senior Associate from approximately January 2017 to September 2018.

17. Plaintiff Nguyen typically worked Monday to Friday from 8:00 or 8:30 AM until 7:00 or 8:00 PM. Sometimes he would work on Saturdays and/or Sundays as well.

18. Plaintiff Nguyen regularly worked more than 40 hours in a week.

19. Plaintiff Nguyen was paid an approximate annual salary of $87,500.00.

20. When Plaintiff Nguyen worked more than 40 hours in a consecutive seven-day week ("OT hours"), he was not paid overtime compensation in an amount equal to one and one-half times his regular rate of pay for the OT hours worked.

21. Named Plaintiff Christine Chen was employed by Defendant as a Senior Associate from approximately August 2017 to December 2018.

22. Plaintiff Chen typically worked Monday to Friday from 9:00 AM until approximately 8:00 PM and sometimes later. Sometimes she would work on Saturdays as well.

23. Plaintiff Chen regularly worked more than 40 hours in a week.

24. Plaintiff Chen was paid an approximate annual salary of $90,000.00.

25. When Plaintiff Chen worked OT hours, she was not paid overtime compensation in an amount equal to one and one-half times her regular rate of pay for the OT hours.

26. Upon information and belief, Named Plaintiffs and the putative class members are designated as either Senior Associate or Associate, and generally performed the same or similar tasks, and possessed similar responsibilities.

27. On information and belief, Associates and Senior Associates typically worked in groups called "Teams".

28. A Team would typically be comprised of at least one Senior Associate and one Associate.

29. There is little distinction between those designated as Senior Associates and Associates.

30. Senior Associates often possess more seniority and are paid a modest amount more than Associates, but otherwise generally performed the same or similar tasks and share similar responsibilities as Associates.

31. Some of the tasks and responsibilities performed by Associates and Senior Associates include but are not limited to maintaining and managing client expectations, ensuring that deliverable timelines are followed, preparing for and attending client status update meetings

4

with SS&C's managers and directors, responding to staff questions on technical or accounting related topics, reviewing transaction documentation and supporting files, reviewing investor allocations and capital account statements, reviewing and editing procedures around deliverables, and studying features of investment transactions.

32. Defendant's practice of failing to pay the Named Plaintiffs and members of the putative class for all compensable time resulted in many unpaid hours, including unpaid overtime compensation for the hours worked in excess of forty (40) hours each week.

### FIRST CAUSE OF ACTION AGAINST DEFENDANT: NEW YORK OVERTIME COMPENSATION

33. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

34. Pursuant to 12 NYCRR §142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of 1½ times the employee's regular rate" for hours worked in excess of 40 hours in one workweek.

35. New York Labor Law §663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

36. SS&C is an employer, within the meaning contemplated pursuant to the New York Law Article 19 § 651(6) and the supporting New York State Department of Labor Regulations.

37. Named Plaintiffs and members of the putative class are employees, within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(5) and the supporting New York State Department of Labor Regulations.

38. Upon information and belief, Named Plaintiffs and members of the putative class worked more than forty (40) hours a week.

5

39. Upon information and belief, Defendant did not pay Named Plaintiffs and other members of the putative class at a rate of one and one-half times their regular rate of pay for all hours worked above forty (40) per week.

40. Upon information and belief, Defendant's failure to pay overtime compensation for work performed by Named Plaintiffs and members of the putative class was willful.

41. By the foregoing reasons, Defendant has violated New York Labor Law § 663 and 12 NYCRR §142-2.2 and is liable to Named Plaintiffs and other members of the putative class in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## SECOND CAUSE OF ACTION AGAINST DEFENDANT
## NEW YORK FAILURE TO PAY WAGES

42. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

43. Pursuant to Article Six of the NYLL, workers, such as Plaintiffs and the putative class members are protected from wage underpayments and improper employment practices.

44. The overtime compensation not paid to the Named Plaintiffs and the other members of the putative class were wages within the meaning of New York Labor Law §§ 190, 191.

45. SS&C violated New York Labor Law by failing to pay Named Plaintiffs and other members of the putative class the required overtime payments for time worked after forty (40) hours in one consecutive seven-day week.

46. By reason of the foregoing, SS&C is liable to the Named Plaintiffs and the other members of the putative class, in an amount to be determined at trial, plus damages, interest, attorneys' fees and costs.

**WHEREFORE**, Plaintiffs demand judgment:

(1) on their first cause of action for failure to compensate overtime against SS&C, in an amount to be determined at trial, plus interest, attorneys' fees, and costs;

(2)   on their second cause of action for failure to compensate overtime against SS&C, in an amount to be determined at trial, plus interest, attorneys' fees, and costs;

(3)   such other and further relief as the Court may deem just and proper.

Dated: New York, New York
February 5, 2022

VIRGINIA & AMBINDER, LLP

/s/ Lloyd R. Ambinder
By: Lloyd R. Ambinder, Esq.
Jenny S. Brejt, Esq.
40 Broad Street, 7th Floor
New York, NY 10004
(212) 943-9080
lambinder@vandallp.com

*Attorney for Plaintiffs and Putative Class*