

40 Broad Street, 7th Floor
New York, New York 10004
Telephone: (212) 943-9080

**Lloyd R. Ambinder, Esq.**
lambinder@vandallp.com

April 13, 2022

**Via ECF And E-Mail (CronanNYSDChambers@nysd.uscourts.gov)**
The Honorable John P. Cronan
United State District Judge
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

Re:   **Chen, et al v. SS&C Technologies, Inc., Case No. 1:22-cv-02190 (JPC)**

Dear Judge Cronan:

This firm represents Plaintiffs Christine Chen, Michael Nguyen and the putative class and collective in the above-referenced matter. Pursuant to Your Honor's Individual Rules of Practice, Plaintiff seeks permission to move for an order permitting Court-authorized notice to putative class members pursuant to 29 U.S.C. § 216(b).

Plaintiffs seeks to certify a collective of other similarly situated persons who worked for Defendant as "Senior Associates" and "Associates" during the period February 5, 2016 through the present.

District courts have the discretion to facilitate notice to potential members of the collective under the FLSA. *Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165 (1989). Court supervised notice to collective action members generally occurs during the first stage of a two-part procedure where courts determine whether the potential plaintiffs are "similarly situated" in accordance with 29 U.S.C. § 216(b). *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363 (S.D.N.Y. 2007). Because the first stage is made on a "fairly lenient standard," as the available evidence at that time is extremely confined and restricted, courts have held that, at this preliminary stage, "plaintiffs can satisfy the 'similarly situated' requirement by making 'a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Iglesias-Mendoza*, 239 F.R.D. at 367-68 (citing *Realite v. Ark Restaurants Corp.*, 7 F.Supp.2d 303, 306 (S.D.N.Y. 1998)). "[T]he court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Rosario v. Valentine Ave. Disc. Store, Co.*, 2011 U.S. Dist. LEXIS 126634, *12 (E.D.N.Y. 2011) (quoting *Lynch v. United States Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007). "[A]ny factual variances that may exist between the plaintiff and the putative class do not defeat conditional class



certification." *Id.* (quoting *Lynch*, 491 F. Supp. 2d at 369).

The purpose of this provision allows for an early and orderly prosecution of this action by advising all potential collective action members of the pendency of this action, and the basic nature of the claims. Furthermore, it insures against inconsistent results through competing lawsuits by other aggrieved workers who may be contemplating legal action. In particular, early notice will help to preserve and effectuate the rights of potential plaintiffs whose claims might otherwise become time-barred during the discovery phase of the case. This reasoning has repeatedly been applied in FLSA collective actions similar to the instant action. *See e.g. Khamsiri v. George & Frank's Japanese Noodle Rest. Inc.*, 2012 U.S. Dist. LEXIS 76660, *4-5 (S.D.N.Y. 2012) ("The Supreme Court has recognized that the benefits of collective action accrue to plaintiffs only if they 'receiv[e] accurate and timely notice concerning the pendency of the collective action'… [C]ourt-authorized notice is appropriate to prevent erosion of claims due to the running statute of limitations, as well as to promote judicial economy.") (quoting *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989) (citing *Lynch*, 491 F. Supp. 2d at 371).

Plaintiffs in the instant action easily satisfies the similarly situated requirement. Plaintiffs seeks to recover unpaid overtime compensation. In support of Plaintiffs' application for collective action certification and court approved notice, Plaintiffs will submit affidavits and other documentary evidence that support a finding that Defendants paid its Senior Associates and Associates a flat salary and did not pay them overtime compensation at a rate of one and one-half times the regular rate of pay when they worked more than 40 hours in a week. The affidavits will further state that there was little distinction between employees designated as Senior Associates and Associates, and that their tasks and responsibilities were essentially the same.

Plaintiff therefore respectfully requests that this Court schedule a pre-motion conference to address Plaintiff's anticipated motion for Court-authorized notice to putative class members pursuant to 29 U.S.C. § 216(b).

Plaintiffs propose that its motion to certify a collective be filed within 21 days of this Court's entry of a briefing schedule; Defendant shall file opposition to the motion to certify a collective, if any, within 21 days of Plaintiffs' filing of the motion to dismiss; and Plaintiffs shall file its reply within 10 days of Defendant's filing of the opposition. Thank you for your consideration.

    Respectfully submitted,

    /s/   Lloyd R. Ambinder, Esq.
    Lloyd R. Ambinder, Esq.

Cc:    Jay Cohen, Esq. (via ECF and E-Mail)
    Kimberly Amanda Francis, Esq. (via ECF and E-Mail)
    Maria H. Keane, Esq. (via ECF and E-Mail)
    Liza May Velazquez, Esq. (via ECF and E-Mail)