UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTINE CHEN, MICHAEL NGUYEN, and all other similarly situated employees of SS&C,<br><br>Plaintiffs,<br><br>v.<br><br>SS&C TECHNOLOGIES, INC.,<br><br>Defendant. | Civil Action No. 22-cv-02190(JPC)(SLC)<br><br>CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER |

**WHEREAS**, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the Parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action, and shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court pursuant to the following procedure:

    a. Counsel for the objecting party shall serve on the designating party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party shall respond in writing to such objection within fourteen (14) days, and shall state with particularity the grounds for asserting that the document or information is "CONFIDENTIAL" or "For Attorneys' or Experts' Eyes Only." If no

        timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

    b.    If a dispute as to a "CONFIDENTIAL" or "For Attorneys' or Experts' Eyes Only" designation of a document or item of information cannot be resolved by agreement, the objecting party shall present the dispute to the Court by letter motion, in accordance with Local Civil Rule 37.2 and Rule II.C.2 of Magistrate Judge Cave's Individual Practices. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

4.    Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

5.    The Parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a.    The requesting party and counsel, including in-house counsel;

    b.    Employees of such counsel assigned to and necessary to assist in the litigation;

    c.    Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

    d.    The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court);

    e.    Any deponent may be shown or examined on any information, document or thing designated "CONFIDENTIAL" if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or was formerly or is currently employed by the party who produced the information, document or thing, or the designating party consents to such disclosure;

    f.    Vendors retained by or for the Parties to assist in preparing for pre-trial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials.

6. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

    a. Inform the person of the confidential nature of the information or documents;

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c. To the extent disclosure is made pursuant to Paragraphs 5(c) or 5(f), require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

7. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all Parties that the document or information disclosed should have been designated "CONFIDENTIAL" within a reasonable time after discovery of the inadvertent disclosure. Such notice shall constitute a designation of the document or information as "CONFIDENTIAL" under this Confidentiality Stipulation and Protective Order, and if so designated, shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

9. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10. If a party becomes aware that it is in receipt of information or materials which it knows or reasonably should know are subject to any claim of privilege or attorney work product

protection, the receiving party shall immediately take reasonable steps to: (a) refrain from any further examination or disclosure of such document; and (b) provide reasonably prompt written notice to the producing party that such document appears to be privileged.  Upon receiving a written notice, the producing party shall provide a reasonably prompt written response indicating whether the document in question is privileged.  Upon confirmation that a document is privileged, the receiving party shall take all steps to return or destroy the document as instructed by the producing party.

11. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal.  The Parties shall follow the Court's procedures for requests for filing under seal.  If any party fails to file another party's Confidential Information under seal, any party, including the designating party or third party, may request that the Court place such filing under seal.

12. With respect to any depositions that involve a disclosure of Confidential Information of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other Parties that portions of the transcript are to be designated "CONFIDENTIAL" or "For Attorneys' or Experts' Eyes Only," which period may be extended by agreement of the Parties.  No such deposition transcript shall be disclosed other than as set forth in Paragraphs 5 and 6 above and to the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than as set forth in Paragraph 5 above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as "CONFIDENTIAL" or "For Attorneys' or Experts' Eyes Only," all Parties shall immediately cause each copy of the transcript in their custody or control to be appropriately marked and limit disclosure of that transcript in accordance with this Protective Order.

13. If the need arises at any hearing before the Court for any party to disclose another party's "CONFIDENTIAL" or "For Attorneys' or Experts' Eyes Only" material that has been filed under seal pursuant to the Court's procedures for requests for filing under seal, that party may do so only after giving notice to the designating party and the Court and as directed by the Court.

14. Nothing herein shall impose any restriction on the disclosure by a party of its own information.  This Confidentiality Stipulation and Protective Order shall not be construed to prevent any party or its counsel from making use of its own information as it sees fit.

15. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

16. Nothing herein shall preclude the Parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.  If any party is subpoenaed in another action or proceeding, is served with a document demand, or is otherwise compelled by law to disclose any material that was designated as "CONFIDENTIAL" or "For Attorneys' or Experts' Eyes Only" by another party (collectively, a "Demand"), the party subject

to the Demand shall give written notice, as soon as reasonably possible, at least within two (2) business days of receipt of such Demand, to the designating party. The party subject to the Demand shall not produce any such material unless ordered by the Court or required by law, and if permitted by the time allowed under the request, for a period of at least fourteen (14) business days after providing the required notice to the designating party. If, within ten (10) business days of receiving such notice, the designating party gives notice to the party subject to the Demand that it opposes disclosure of its "CONFIDENTIAL" or "For Attorneys' or Experts' Eyes Only" material, the receiving party shall object, citing this Confidentiality Stipulation and Protective Order, and thereafter not produce such material, except as required by law. The designating party shall be solely responsible for pursuing objection to the requested disclosure if the designating party deems it appropriate to do so. In the event that material that has been designated as "CONFIDENTIAL" or "For Attorneys' or Experts' Eyes Only" is disclosed in response to a Demand, such material shall continue to be treated in accordance with the designation made pursuant to this Confidentiality Stipulation and Protective Order.

      17.    This Confidentiality Stipulation and Protective Order shall survive the termination of this litigation and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the Parties filed with the Court.

SO STIPULATED AND AGREED.


Dated: New York, New York
       August 17, 2022

                                              SO ORDERED.

                                              **SARAH L. CAVE**
                                              **United States Magistrate Judge**

## Exhibit A

## Agreement

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____
Signed in the presence of:

_____
(Attorney)