UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――――
CHRISTINE CHEN, MICHAEL NGUYEN, and all other similarly situated employees of SS&C,

                            Plaintiffs,

-v-

SS&C TECHNOLOGIES, INC.,

                            Defendant.


CHRISTINE CHEN, and all other similarly situated employees of SS&C,

                            Plaintiff,

-v-

SS&C TECHNOLOGIES, INC.,

                            Defendant.
―――――――――――――――――――――――――――――――

CIVIL ACTION NO.: 22 Civ. 2190 (JPC) (SLC)
23 Civ. 238 (JPC) (SLC)

**OPINION & ORDER**

**SARAH L. CAVE**, United States Magistrate Judge.

## I. INTRODUCTION

Plaintiffs Christine Chen ("Chen") and Michael Nguyen ("Nguyen"), former employees of Defendant SS&C Technologies, Inc. ("SS&C"), brought this action, on behalf of themselves and a putative class of current and former SS&C employees ("Plaintiffs"), to recover unpaid overtime compensation under the New York Labor Law § 663 (the "NYLL"). (22cv2190 ECF No. 27 (the "SAC")).[1] Plaintiffs, who held the title of "Associate" and "Senior Associate" at SS&C, allege that SS&C misclassified them as exempt employees and therefore failed to pay them proper

---

[1] The Court cites to both the Chen et al v. SS&C Technologies, Inc., No. 22 Civ. 2190 (JPC) (SLC) (S.D.N.Y. 2022) and Chen et al v. SS&C Technologies, Inc., No. 23 Civ. 238 (JPC) (SLC) (S.D.N.Y. 2023) dockets throughout this Opinion & Order. The Court cites each docket as "[Civil Action No.] ECF No. [Docket No.]".

compensation for the overtime hours they worked during their employment.  (Id. ¶¶ 8, 24–30).  Before the Court are Plaintiffs' motions to quash and for protective orders concerning subpoenas that SS&C seeks to serve on Nguyen's current employer, Blackstone, Inc. ("Blackstone"), (22cv2190 ECF No. 66-1 (the "Blackstone Subpoena"), and on Chen's current employer, Comvest Partners ("Comvest"), (23cv238 ECF No. 15-2 (the "Comvest Subpoena", with the Blackstone Subpoena, the "Subpoenas")).  (22cv2190 ECF No. 64 ("Nguyen's Motion"); 23cv238 ECF No. 1 ("Chen's Motion", with Nguyen's Motion, the "Motions")).  For the reasons set forth below, the Motions are GRANTED.

## II. BACKGROUND

The parties have substantially completed Phase I pre-certification fact discovery, which involved merits discovery as to Chen and Nguyen, and targeted discovery as to certain putative class members discerned during a sampling process.  (22cv2190 ECF Nos. 40; 80 at 1).  During Phase I, SS&C requested documents in which Nguyen and Chen "characterize[d] the position, duties, authority, or responsibilities" they had at SS&C, as well as documents relating to their "efforts to find employment" while they worked at SS&C, including resumes, job applications, and cover letters.  (22cv2190 ECF No. 74–5 at 8–9; 23cv238 ECF No. 27-4 at 8–9).  In response to SS&C's requests, Nguyen produced one version of his resume, while Chen produced two versions, although they were undated.  (22cv2190 ECF No. 71 at 10; 23cv238 ECF No. 25 at 12).  SS&C also deposed Chen and Nguyen, but neither could recall whether they submitted letters of recommendation or references from anyone at SS&C in applying to their current employers.  (23cv238 ECF No. 28-1 at 20; 22cv1290 ECF No. 72-1 at 80).  Plaintiffs' counsel informed SS&C that Nguyen and Chen were unaware of any additional documents responsive to SS&C's requests

and believed their productions to be complete. (22cv2190 ECF No. 74-3 at 2; 23cv238 ECF No. 27-3 at 2; see 22cv2190 ECF No. 87 at 7–9).

Phase II of fact discovery is anticipated to include additional class certification and merits discovery. (22cv2190 ECF Nos. 40 at 2; 80 at 2–3). SS&C has sought leave to file motions for summary judgment as to Chen and Nguyen's claims. (22cv2190 ECF No. 84).

1. **The Blackstone Subpoena**

On December 19, 2022, SS&C provided to Plaintiffs' counsel a copy of the Blackstone Subpoena, which seeks:

> Documents describing [] Nguyen's experience, education, job duties and responsibilities at Blackstone or any other employer, either before his joining or while he was employed at Blackstone, including but not limited to, a) job description(s) for any positions [] Nguyen held at Blackstone; b) [] Nguyen's application for any position at Blackstone; c) resumes and cover letters submitted or drafted by [] Nguyen; d) letters of reference for [] Nguyen from prior employers and/or managers or supervisors at Blackstone; and e) interview notes of any interviews conducted of [] Nguyen for any position at Blackstone.

(22cv2190 ECF No. 66-1 at 10). On January 3, 2023, Plaintiffs filed Nguyen's Motion, to which SS&C filed an opposition on January 17, 2023. (22cv2190 ECF Nos. 64; 71; 74). On January 27, 2023, Plaintiffs filed a reply, and on February 28, 2023, the Court held a conference with the parties concerning both Motions. (22cv2190 ECF Nos. 78; 81; 87 (the "Conference")).

2. **The Comvest Subpoena**

At some point before November 23, 2022, SS&C's counsel contacted Comvest to advise of SS&C's intent to serve a subpoena for documents related to Chen and seek permission to serve via email. (23cv238 ECF No. 15-3 ¶ 5). Just before 5:00 p.m. on November 23, 2022, SS&C's counsel emailed the Comvest Subpoena to Plaintiffs' counsel, and, a few minutes later, served the Comvest Subpoena on Comvest via email. (Id. ¶¶ 4–5). The Comvest Subpoena seeks as to

3

Chen the same categories of documents from Comvest as the Nguyen Subpoena seeks from Blackstone.  (23cv238 ECF No. 15-2 at 10).  After learning that Chen intended to move to quash the Comvest Subpoena, SS&C's counsel notified Comvest "to ensure that no documents would be produced before the Court ruled on [Chen's] objection."  (23cv238 ECF No. 25 at 9–10).

On December 7, 2022, Chen filed in the U.S. District Court for the Southern District of Florida (the "Florida Court"), where Comvest is located, a motion to transfer Chen's Motion to this Court.  (23cv238 ECF No. 1 (the "Transfer Motion")).  On December 30, 2022, Chen filed her Motion in the Florida Court.  (23cv238 ECF No. 15).  That same day, the Honorable William P. Dimitrouleas granted the Transfer Motion and ordered that Chen's Motion be transferred to this Court, and on January 11, 2023, the transfer was effected.  (23cv238 ECF Nos. 17–18).  Pursuant to the parties' agreed briefing schedule, which the Court adopted, on February 3, 2023, SS&C filed an opposition to Chen's Motion, and on February 10, 2023, Chen filed a reply.  (23cv238 ECF Nos. 21–22; 25–28; 31–32).

### III.  DISCUSSION

#### A.  Legal Standards

##### 1.  Federal Rule of Civil Procedure 26

Federal Rule of Civil Procedure 26 permits a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  "A party may seek a

protective order if the discovery sought would subject the party to annoyance, embarrassment, oppression or undue burden or expense." Abdelsayed v. N.Y. Univ., No. 17 Civ. 9606 (VSB) (KHP), 2019 WL 2336533, at *2 (S.D.N.Y. June 3, 2019); see Fed. R. Civ. P. 26(c).[2]

### 2. Federal Rule of Civil Procedure 45

Federal Rule of Civil Procedure 45 permits a party to serve a subpoena on a non-party to produce documents. See Fed. R. Civ. P. 45(a)(1). A party whose personal rights are implicated by a subpoena may move to quash or modify the subpoena if it "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i)–(iv); see Dowling v. N.Y.-Presbyterian/Weill Cornell Med. Ctr., No. 19 Civ. 2114 (LJL), 2020 WL 1243780, at *2 (S.D.N.Y. Mar. 16, 2020) (collecting cases holding that "[t]he courts in this Circuit have repeatedly held that the personal rights of a party include privacy interests in documents such as personnel records").

On a motion to quash, "[t]he party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." Night Hawk Ltd. v. Briarpatch Ltd., No. 03 Civ. 1382 (RWS), 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003). "If the party issuing the subpoena establishes the relevance of the materials sought, the burden then shifts to the movant to demonstrate an undue burden." Gresch v. United Parcel Serv. of Amer., No. 21 Civ. 5383 (KPF), 2022 WL 1125621, at *1 (S.D.N.Y. Apr. 14, 2022); see Griffith v. U.S., No. M8-85 (JFK), 2007 WL 1222586, at *2

---

[2] Unless otherwise indicated, internal citations and quotation marks are omitted from case citations.

(S.D.N.Y. Apr. 25, 2007) (noting that party moving to quash subpoena "bears the burden of demonstrating an undue burden"). "The trial court has broad discretion to determine whether a subpoena imposes an undue burden." Gresch, 2022 WL 1125621, at *1.

### 3. New York Overtime Compensation Rules

The implementing regulations under the NYLL exempt from the otherwise-applicable overtime wage rules an employee who works in a "bona fide" executive, administrative, or professional capacity. 12 N.Y.C.R.R. § 142-2.14(c)(4) (the "Executive Exemption"); see Andreyuk v. ASF Constr. & Excav. Corp., No. 19 Civ. 7476 (AEK), 2022 WL 4658457, at *4 (S.D.N.Y. Sept. 30, 2022) (quoting the Executive Exemption); Awan v. Durrani, No. 14 Civ. 4562 (SIL), 2015 WL 4000139, at *9 (E.D.N.Y. July 1, 2015) (explaining that "the NYLL and its implementing regulations exempt from its wage and overtime provisions individuals who work in an executive . . . capacity"); Torres v. Gristede's Operating Corp., No. 04 Civ. 3316 (PAC), 2006 WL 2819730, at *7 (S.D.N.Y. Sept. 29, 2006) (recognizing NYLL exemptions from wage and overtime protections "for bona fide executives, administrators, or professionals"). The Executive Exemption under the NYLL "mirrors" the exemption that exists under the Fair Labor Standards Act[3] and its accompanying regulations,[4] Andreyuk, 2022 WL 4658457, at *5, the applicability of which involves "a highly fact-intensive" analysis of "a salary basis component and a duties component" of the employee's circumstances. Martinez v. Hilton Hotels Corp., 930 F. Supp. 2d 508, 520 (S.D.N.Y. 2013). "The employer bears the burden of proving that its employees fall within an exempted category . . . ." Andreyuk, 2022 WL 4658457, at *5; see Dobrosmylov v.

---

[3] 29 U.S.C. § 213(a)(1).
[4] 29 C.F.R. § 541.100(a).

DeSales Media Grp., Inc., 532 F. Supp. 3d 54, 58 (E.D.N.Y. Apr. 1, 2021) (noting that "courts afford [the Executive Exemption] the same reach as its federal counterpart," the applicability of which the "employer has the burden of proving"); Martinez, 930 F. Supp. 2d at 519–20 ("An employer seeking to rely upon an exemption as a defense to paying overtime bears the burden of proving that such exemption applies.").

### B. Application

#### 1. Standing

As a threshold matter, SS&C does not dispute Nguyen and Chen's standing to move to quash the Subpoenas. (See generally 22cv2190 ECF No. 71; 23cv238 ECF No. 25). "Generally, standing to quash a non-party subpoena exists where the plaintiff asserts a legitimate privacy interest in the information sought." Warnke v. CVS Corp., 265 F.R.D. 64, 66 (E.D.N.Y. 2010). Here, Nguyen and Chen have "a legitimate privacy interest in information regarding [their] subsequent employment and therefore [have] standing to bring the" Motions. Id.; see Mirkin v. Winston Res., LLC, No. 07 Civ. 2734 (JGK) (DF), 2008 WL 4861840, at *1 (S.D.N.Y. Nov. 10, 2008) (same).

#### 2. Relevance of Discovery Sought by the Subpoenas

SS&C argues that the Subpoenas seek "materials that are highly relevant to the central issue in this case: whether [Chen and Nguyen's] experience, education, and the job duties [they] performed at SS&C support [their] classification as exempt from overtime pay." (22cv2190 ECF No. 71 at 12; 23cv238 ECF No. 25 at 13). SS&C anticipates that the materials Chen and Nguyen submitted to their current employers "most certainly describe [their] education and experience at the time they were submitted—including [their] then-role[s] at SS&C—which bears directly on Plaintiff[s'] claims and SS&C's defenses to this action." (22cv2190 ECF No. 71 at 12;

23cv238 ECF No. 25 at 14).

Chen and Nguyen dispute the relevance of the materials the Subpoenas seek, arguing that "[i]t is widely recognized that 'information from or about plaintiffs' current employers is irrelevant in determining whether the defendant-employers violated wage and hour laws.'" (22cv2190 ECF No. 65 at 10; 23cv238 ECF No. 15-1 at 11 (quoting Rosas v. Alice's Teacup, LLC, 127 F. Supp. 3d 4, 11–12 (S.D.N.Y. 2015)). They contend that the Subpoenas' requests for documents concerning their "job duties and responsibilities," "job descriptions," and "letters of reference" at their current employers "have nothing to do with [their] job duties at SS&C." (22cv2190 ECF No. 65 at 10–11; 23cv238 ECF No. 15-1 at 12).

The Court finds that the discovery SS&C seeks in the Subpoenas is not relevant to Plaintiffs' claims or SS&C's defenses in this action. The Court begins from the general principle, as Nguyen and Chen correctly cite, that in general, information from their current employers is "irrelevant" to the determination whether SS&C violated the NYLL. Rosas, 127 F. Supp. 3d at 11 (collecting cases); see Tucker v. Interstate Home Loan Ctrs., Inc., No. 20 Civ. 1906 (JMA) (JMW), 2022 WL 4079580, at * (E.D.N.Y. Sept. 6, 2022) (granting motion to quash where employment records from plaintiff's subsequent employers were not relevant to substantive legal issue); Campos v. Zopounidis, No. 09 Civ. 1138 (VLB), 2011 WL 4852491, at *3 (D. Conn. Oct. 13, 2011) (holding "that all testimony of Plaintiff's current employers is inadmissible because it is wholly irrelevant to the issue of whether or not Plaintiff received adequate compensation from the Defendants under the FLSA and Connecticut Minimum Wage Laws"); Warnke, 265 F.R.D. at 67 (granting employee's motion to quash subpoena to his current employer where "subsequent employment applications" were not relevant); see also Gambale v. Deutsche Bank AG,

No. 02 Civ. 4791 (HB) (DFE), 2003 WL 115221, at *2 (S.D.N.Y. Jan. 10, 2003) (quashing subpoenas to executive search firms plaintiff had used, because what she told such firms "about her skill set and qualifications" had "very limited relevance").  The definitive issue in this misclassification case "is what the [P]laintiffs' job duties and responsibilities were when they were employed by [SS&C] and whether those duties in fact qualified them as exempt under" the NYLL. Jibowu v. Target Corp., No. 17 Civ. 3875 (PKC) (CLP), 2018 WL 5282944, at *3 (E.D.N.Y. Sept. 17, 2018).  In Jibowu, a similar misclassification case, the court rejected the defendant's request for information about plaintiffs' subsequent employment, noting that "what is at issue in this case is whether plaintiffs were properly classified when they were employed by [the defendant], not what they may have conveyed to specific subsequent supervisors." Id.  The same is true of this case:  what matters is how SS&C classified Nguyen and Chen, not what Nguyen and Chen may have said or not said in the process of seeking positions with their current employers.

SS&C relies heavily on Davis v. J.P. Morgan Chase & Co., a misclassification case in which the district court denied a motion to quash a subpoena to the plaintiff's current employer seeking, inter alia, "resumes, employment applications and other documents" in which the plaintiff "describ[ed] the job duties he performed during his employment with Chase." No. 01 Civ. 6492L, 2007 WL 142110, at *1 (W.D.N.Y. Jan. 16, 2007).  (See 22cv2190 ECF No. 71 at 14; 23cv238 ECF No. 25 at 15–16).  In Davis—which pre-dates the decisions in Rosas and Jibowu—the plaintiff did "not genuinely contest that any resume or document containing [his] description of his job duties while employed at Chase is relevant to the issue of whether [he] was properly exempted from the reach of the FLSA[,]" such that the court's analysis focused on whether Chase had complied with the notice requirements in Rule 45. Id. at *3 (emphasis added).  Here, like the

plaintiffs in in Rosas and Jibowu, Nguyen and Chen do contest the relevance of the materials SS&C seeks through the Subpoenas, see Rosas, 127 F. Supp. 3d at 8; Jibowu, 2018 WL 5282944, at *2, and, in any event, have already produced the resumes that were very likely the resumes they submitted to their current employers. (22cv2190 ECF No. 87 at 6–7). See Warnke, 265 F.R.D. at 70 (granting motion to quash where "some of the information sought in the Subpoenas has already been produced"); Dreyer v. Baker Hughes Oilfield Op., Inc., No. H-08-1212, 2009 WL 10693570, at *2 (S.D. Tex. Mar. 5, 2009) (denying employer's motion to compel information about plaintiffs' subsequent and potential employers where "plaintiffs have already produced the resumes they sent out, and these resumes are most likely to contain the fullest descriptions of their job histories").

Accordingly, following the precedent in Jibowu and Rosas, the Court finds that SS&C has failed to demonstrate that the information sought through the Subpoenas—which Nguyen and Chen have substantially provided by producing their resumes in Phase I discovery and testifying during their depositions—is relevant to the determination whether SS&C misclassified them under the Executive Exemption.

### 3. Burden on Chen and Nguyen

Nguyen and Chen argue that service of the Subpoenas on their "current employer[s] 'could be seriously detrimental to [their] business reputation[s] and career[s].'" (22cv2190 ECF No. 65 at 12; 23cv238 ECF No. 15-1 at 13 (quoting Guercia v. Equinox Holdings, Inc., No. 11 Civ. 6775 (TPG), 2013 WL 2156496, at *4 (S.D.N.Y. May 20, 2013)). In response, SS&C contends that Nguyen and Chen testified during their depositions that they were "not concerned" about their claims being available to the public or made known to current or future

employers.  (21cv2190 ECF No. 71 at 19 (citing 21cv2190 ECF No. 72-1 at 5); 23cv238 ECF No. 25 at 20 (citing 23cv238 ECF No. 28-1 at 5)).  During the Conference, Plaintiffs' counsel emphasized the greater degree of risk posed by serving a subpoena on a current employer, as compared to Plaintiffs' claims simply being publicly-filed.  (22cv2190 ECF No. 87 at 15–16).

"Courts within the Second Circuit have recognized that drawing a present employer into a dispute involving a plaintiff's prior employer can have negative effects on the plaintiff's employment[,]" and, therefore, courts "typically require relevant information about subsequent employment to be obtained through less intrusive means; usually, through the plaintiff." Abdelsayed, 2019 WL 2336533, at *2; see Warnke, 265 F.R.D. at 69 ("[C]ourts within the Second Circuit have recognized that because of the direct negative effect that disclosures of disputes with past employers can have on present employment, subpoenas in this context, if warranted at all, should be used only as a last resort."); Gambale, 2003 WL 115221, at *2 (finding that subpoena to search firms plaintiff used "would subject [her] to unnecessary annoyance and embarrassment within the meaning of Rule 26(c)").

The Court finds that SS&C has failed to justify burdening Blackstone and Comvest or risking Nguyen and Chen's continued employment with the issuance of the Subpoenas.  See Moll v. Telesector Res. Grp., Inc., No. 04 Civ. 805S(Sr), 2016 WL 6093995, at *3 (W.D.N.Y. Oct. 19, 2016) (granting motion to quash subpoena to plaintiff's current employer based on prejudice to employer and risk to plaintiff's employment, and collecting cases); Warnke, 265 F.R.D. at 69 (finding that employer did not meet "its burden to establish a 'right' to the particular discovery sought by the Subpoenas" to plaintiff's current employers).  The Court recognizes the difference between the public's ability to view the pleadings in this action, which is true in each of the cases

on which SS&C relies, and the service of a subpoena on Nguyen and Chen's current employers, who would then become embroiled in this dispute by having to search for and produce responsive documents (to the extent that they did not have additional objections). See Jibowu, 2018 WL 5282944, at *3 (recognizing the risk associated with contacting a plaintiff's current or prospective employers to serve a subpoena). Further, the Court observes that both Nguyen and Chen testified that they had not told Blackstone and Comvest, respectively, about this litigation, suggesting that Nguyen and Chen do harbor at least some concern about the impact the Subpoenas could have on their current employment status. (22cv2190 ECF No. 72-1 at 5; 23cv238 ECF No. 28-1 at 5).

* * *

Balancing the marginal—at best—relevance of the materials SS&C seeks through the Subpoenas against "the risk that by contacting [Chen and Nguyen's] current [employers], [SS&C] will jeopardize the[ir] current employment opportunities[,]" the Court finds that the information Chen and Nguyen have provided in discovery "is more than sufficient." Jibowu, 2018 WL 5282944, at *3; see Gambale, 2003 WL 115221, at *2 (in granting motion to quash, balancing "weakness of defendants' claims as to relevance" against risk of "unnecessary annoyance and embarrassment" to plaintiff); see also Peddy v. L'Oreal USA Inc., No. 18 Civ. 7499 (RA) (JLC), 2019 WL 3926984, at *2 (S.D.N.Y. Aug. 20, 2019) (granting motion to quash subpoenas to plaintiffs' former employers where "the requested information [was] not relevant" and plaintiff had "a protectible interest in her employment records"). Accordingly, the Subpoenas shall be quashed.

## IV. CONCLUSION

For the reasons set forth above, the Motions are GRANTED to the extent that the Subpoenas are quashed, rendering moot Nguyen and Chen's request for a protective order. SS&C's counsel shall promptly provide a copy of this Opinion & Order to Comvest's counsel.

The Clerk of Court is respectfully directed to close ECF No. 64 in 22cv2190, and to terminate 23cv238.

Dated:   New York, New York
         March 7, 2023

                                      SO ORDERED.

                                      **SARAH L. CAVE**
                                      **United States Magistrate Judge**