**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Christine Chen, Michael Nguyen, and all other similarly situated employees of SS&C, | Civil No.: 22-cv-02190 (JPC) (SLC) |
| Plaintiffs, | |
| v. | |
| SS&C TECHNOLOGIES, INC., | |
| Defendant. | |

**DECLARATION OF KARA MILLER IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF THE SETTLEMENT STIPULATION, CERTIFICATION OF THE CLASS FOR SETTLEMENT PURPOSES, APPROVAL OF THE PROPOSED NOTICE TO CLASS MEMBERS AND DISTRIBUTION OF SAME, AND IMPLEMENTATION OF THE SCHEDULE AND PROCEDURE TO EFFECTUATE THE CLASS ACTION SETTLEMENT**

Kara Miller, an attorney admitted to practice law in the State of New York and before the United States District Court for the Southern District of New York, hereby affirms under penalties of perjury that the following is true and correct:

1.      I am a partner with the firm of Virginia & Ambinder, LLP, legal counsel for Plaintiffs and proposed Class Counsel pursuant to the Settlement reached between Plaintiffs and Defendant SS&C Technologies, Inc. ("SS&C") (Plaintiffs and SS&C collectively the "Parties").[1]

2.      Based on information provided by SS&C, the Class consists of 756 individuals.

3.      A true and accurate copy of the Settlement Stipulation is annexed hereto as Exhibit 1. The Payments Allocation Exhibit, proposed Notice, and the proposed Preliminary Approval Order are attached to the Settlement Stipulation as Exhibits A, B and C respectively. The proposed Claim Form is annexed hereto as Exhibit 2.

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed in the Settlement Stipulation.

4.      The Parties engaged in occasional settlement discussions since this action was filed in 2022 without any success. The settlement discussions that were ultimately successful began in early January 2024 and were the result of five months of active negotiations in good faith between the Parties. Specifically, the Parties reached a settlement agreement in principle on or around March 21, 2024, and then continued to negotiate for an additional two months over the terms of the settlement. As part of this process, SS&C provided weekly payroll and time records for putative class members, an extremely large data set which was carefully reviewed and analyzed.

5.      Plaintiffs' Counsel calculated Class Members' total dollar amounts for unpaid overtime to be approximately $7,043,565. This figure is approximate because it uses reasonable assumptions and averages for weeks where payroll or time records were unavailable. The Gross Settlement Amount of $5,000,000.00 is approximately 71% of this total, and the Net Settlement Amount would be approximately 46% of this total should the Court award attorneys' fees and service requests commensurate with Class Counsel's request. Participating Class Members who elect to submit a valid Claim Form are eligible to receive up to 100% of their individual calculated overtime damages, depending on how many valid Claim Forms are returned.

6.      As demonstrated by the summary judgment motions filed by SS&C with respect to the Named Plaintiffs' claims, and the papers submitted in opposition and on reply, the facts and legal issues in this action are fiercely contested. SS&C maintains that all Class Members have been paid correctly in accordance with New York Labor Law, and therefore that there is no basis for damages, and would oppose any motion to certify a Rule 23 class filed by Plaintiffs in the event litigation continued. While Plaintiffs believe in the merits of their claims, they acknowledge the risks of continued litigation are significant and that there is a chance Class Members could

receive nothing. The proposed Settlement, and certification of the Class for settlement purposes, avoids the uncertainties of litigation and costs associated with the continued prosecution of this matter.

7.      As Plaintiffs' Counsel, I am of the opinion that the proposed Settlement is fair, reasonable, and adequate.  I believe that the Settlement provides a significant portion of the purported damages alleged to Class Members, and that the Settlement is in the best interests of the Class in light of all known facts and circumstances.  In reaching this conclusion, I have considered the payroll and time records provided by SS&C, communications with Named Plaintiffs and members of the Class previously in contact with my firm, the extensive discovery exchanged in this action including hundreds of thousands of documents and deposition testimony from the Named Plaintiffs and six SS&C managers and corporate representatives and drawn upon my experience of litigating similar matters for over 15 years.

8.      Virginia & Ambinder, LLP specializes in representing workers and has successfully represented classes in dozens of wage and hour cases representing tens of thousands of workers, both in litigation and for settlement purposes. A small sampling of such cases in federal court include *Gucciardo v. Titanium Construction Services, Inc., et al*, Case No. 16-cv-1113 (LGS) (S.D.N.Y. Oct. 26, 2018); *Cohan v. Columbia Sussex Mgmt., LLC*, Case No. 12-3203 (AKT) (E.D.N.Y. Sept. 28, 2018); *Pikos et al v. Liberty Maintenance, Inc. et al*, Case No. 09-cv-4031 (RER) (E.D.N.Y. Jan. 4, 2017); *Grant v. Warner Music Group Corp.*, Case No. 13-CV-4449 (PGG) (S.D.N.Y. March 11, 2016); *Arias v. Clear Channel Broadcasting, Inc.*, Case No. 14-CV-5088 (SN) (S.D.N.Y. Feb. 2, 2016); *Ojeda v. Viacom Inc.,* Case No. 13-cv-5658 (GWG) (S.D.N.Y. Dec. 2, 2015); *Vitetta v. Sirius XM Radio Inc.*, Case No. 14-2926 (VEC) (S.D.N.Y. Dec. 18, 2015); *In re: Penthouse Executive Club Compensation Litigation*, 10-CV-1145 (KMW)

(S.D.N.Y. Jan. 14, 2014); *Zepeda et al. v. Franari Produce Distributors Inc., et al.*, Case No. 10-cv-2588 (JFB) (GRB) (E.D.N.Y. Jan. 23, 2013); *Espinoza v. 953 Assocs. LLC*, 280 F.R.D. 113, 129-130, Case No. 10-cv-5517 (SAS) (S.D.N.Y. Nov. 16, 2011); *McBeth, et al. v. Gabrelli Truck Sales Ltd., et al.*, Case No. 09-cv-4112 (LDW) (ETB) (E.D.N.Y. Aug. 17, 2011); *Lujan v. Cabana Management, Inc.*, Case No. 10-cv-755 (E.D.N.Y. Feb. 1, 2011). A small sampling of such cases in state court include *Konstantynovksa v. Friendly Home Care*, Index No. 532015/2017 (Sup. Ct. Kings Cnty. March 17, 2022); *Wallace v. Pleet*, Index No. 157234/2017 (Sup. Ct. N.Y. Cnty. January 10, 2022); *Konstantynovska v. Caring Professionals, Inc.*, Index No. 159883/2016 (Sup. Ct. N.Y. Cnty. Dec. 16, 2021); *Teshabaeva v. All American Homecare Agency, Inc.*, 2021 N.Y. Misc. LEXIS 6247, 2021 NY Slip Op 32587(U) (Sup. Ct. Kings Cnty., Dec. 7, 2021); *Kondratyeva v. VIP Health Services, Inc.*, 2021 N.Y. Misc. LEXIS 5955, 2021 NY Slip Op 32357(U) (Sup. Ct. N.Y. Cnty., Nov. 18, 2021); *Turgunbaev v. Home Family Care, Inc.*, 2021 N.Y. Misc. LEXIS 5549 (Sup Ct. Kings Cnty Nov. 3, 2021); *Lavrenyuk v. Life Care Services, Inc.,* 2021 N.Y. Misc. LEXIS 6027 (Sup. Ct. N.Y. Cnty., June 28, 2021); *Matasane v. Allborogh Personal Care, Inc.*, Index No. 152734/2019 (Sup. Ct. N.Y. Cnty., April 5, 2021); *Petrachkevitch v. Community Home Care Referral, et. al.*, Index No. 510866/2015 (Sup. Ct. Kings Cnty. March 2, 2021); *Troshin v. The Stella Orton Home Care Agency, Inc.*, 2021 N.Y. Misc. LEXIS 1002, 2021 NY Slip Op 50196(U) (Sup. Ct. N.Y. Cnty.., Mar. 12, 2021); *Zuparov v. Best Care*, 2021 N.Y. Misc. LEXIS 319, 2021 NY Slip Op 30245(U) (Sup. Ct. Kings Cnty. Jan 22, 2021).

9.      Virginia & Ambinder has also successfully represented thousands of workers in non-Class action cases in federal and state courts, both in New York and other jurisdictions.

Dated: New York, New York
       May 30, 2024

VIRGINIA & AMBINDER, LLP

/s/Kara Miller
Kara Miller, Esq.

40 Broad Street -- 7th Floor
New York, New York 10004
Tel : (212) 943-9080
Fax: (212 ) 943-9082
kmiller@vandallp.com