UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Christine Chen, Michael Nguyen, and all other similarly situated employees of SS&C,<br><br>　　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>SS&C TECHNOLOGIES, INC.,<br>　　　　　　　　　　　　　Defendant. | Civil No.: 22-cv-02190 (JPC) (SLC) |

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT STIPULATION, CERTIFYING THE CLASS FOR SETTLEMENT PURPOSES, APPROVING THE PROPOSED NOTICE AND AUTHORIZING DISTRIBUTION OF THE NOTICE PACKAGE, AND IMPLEMENTING THE SETTLEMENT PROCEDURE**

THIS MATTER having come before the Court on Plaintiffs' application for preliminary approval of the proposed Settlement Stipulation, certification of the class for Settlement purposes, approval of the proposed Notice and authorization to distribute the Notice Package,[1] and to implement the procedure set forth in the Settlement Stipulation (hereinafter "Motion for Preliminary Approval"). Defendant SS&C does not oppose this Motion. Upon consideration of the Motion for Preliminary Approval, the memorandum in support thereof and the Declaration of Kara Miller (the "Miller Declaration") and exhibits annexed thereto:

IT IS on this   17th   day of       June      , 2024 hereby ORDERED as follows:

1. The Court grants preliminary approval of the Settlement memorialized in the Settlement Stipulation, attached as Exhibit 1 to the Miller Declaration. The Court finds on a preliminary basis that the Settlement Stipulation is fair, reasonable, and adequate, and is likely to obtain final approval following notice to the class members. Specifically, based on the Motion for

---

[1] Capitalized terms in this Order that are not otherwise defined have the meaning ascribed in the Settlement Stipulation.

1

Preliminary Approval, the Court finds that this case involved a bona fide dispute over wages. The Court finds that preliminary approval is warranted because the Class Representatives and Class Counsel have adequately represented the class, and the proposed Settlement was negotiated at arms-length. The Court further finds that the relief provided is fair and reasonable, taking into account the costs, risks, and delay of trial and appeal, and was reached after the parties conducted extensive discovery. The Court also finds that the proposed method of distribution supports preliminary approval.

2. Pursuant to Federal Rule of Civil Procedure 23, and for settlement purposes only, the Court certifies a settlement class consisting of all individuals who worked or currently work for SS&C as Associates, Senior Associates, or equivalent titles in New York and were classified as exempt from overtime compensation at any time between February 5, 2016 and the present. The Court finds, for settlement purposes only, that the requirements of Rule 23(a) and Rule 23(b)(3) are satisfied.

3. The Court appoints, for settlement purposes only, Named Plaintiffs Christine Chen and Michael Nguyen as Class Representatives.

4. The Court appoints, for settlement purposes only, Virginia & Ambinder, LLP as Class Counsel.

5. This Order, which preliminarily certifies a class action for settlement purposes only, shall not be cited in this or any matter for the purpose of seeking class certification, opposing decertification, or for any other purpose, other than enforcing the terms of the Settlement.

6. The Court approves the Notice, attached as Exhibit B to the Settlement Stipulation. The Court finds that the content of the Notice fully complies with due process and Rule 23 of the

Federal Rules of Civil Procedure, and that the Notice adequately puts class members on notice of the proposed Settlement.

7.      The parties propose to disseminate the Notice by first-class mail to Class Members' last known addresses, with a postage-paid pre-addressed return envelope. The Court finds that this method of disseminating the Notice, as provided in the Settlement Stipulation, is the best notice practicable under the circumstances and fully meets the requirements of federal law.

8.      The Court hereby sets the following settlement procedure:

| Date | Event |
|---|---|
| June 24, 2024 | **Seven (7) calendar days after the Preliminary Approval Date:**<br><br>Defendant's Counsel will provide the Claims Administrator with the Class Member mailing list in electronic form containing the following information: name, last known addresses, personal email address (if available) and personal telephone number (if available). Defendant's Counsel will also provide the Claims Administrator and Class Counsel with the data to calculate the eventual Participating Class Member Final Settlement Payment. |
| July 1, 2024 | **Fourteen (14) calendar days after the Preliminary Approval Date:**<br><br>Mailing of Class Notice. |
| August 30, 2024 | **Sixty (60) calendar days after the Notice Package Mailing Date:**<br><br>Last day for Class Members to submit a Claim Form, "opt out" of the Settlement or to submit written objections to the Settlement. |
| October 24, 2024 | **Seven (7) calendar days before the Final Approval Hearing:**<br><br>Last day for filing and service of papers in support of final settlement approval. |

| October 31, 2024 at 10:00 a.m. | Final Approval Hearing. |
|---|---|
| November 7, 2024 | **Seven (7) calendar days after the Final Approval Date:**<br><br>Last day for Claims Administrator to calculate Participating Class Member Final Settlement Payments, as well as all professional costs and fees, class administration fees, service awards and withholding taxes. |
| November 25, 2024 | **Twenty-five (25) calendar days after the Final Approval Date:**<br><br>Last day for parties to reconcile distribution of Participating Class Member Final Settlement Payments, as well as all professional costs and fees, class administration fees, service awards and withholding taxes |

9. The Court finds, pursuant to Federal Rule of Civil Procedure 54(b), that there is no just reason for delay, and directs the Clerk to enter this Order.

_____
Honorable John P. Cronan