UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Christine Chen, Michael Nguyen, and all other similarly situated employees of SS&C, <br><br>                                       Plaintiffs, <br><br>                v. <br><br> SS&C TECHNOLOGIES, INC., <br><br>                                       Defendant. | Civil No.: 22-cv-02190 (JPC) (SLC) |

SUPPLEMENTAL DECLARATION OF KARA MILLER IN SUPPORT OF PLAINTIFFS'
UNOPPOSED MOTION FOR FINAL APPROVAL OF THE SETTLEMENT ON BEHALF
OF NAMED PLAINTIFFS AND THE CERTIFIED SETTLEMENT CLASS

Kara Miller, an attorney admitted to practice law in the State of New York and before the United States District Court for the Southern District of New York, hereby affirms under penalties of perjury that the following is true and correct:

1. I am a partner with the firm of Virginia & Ambinder, LLP, legal counsel for Plaintiffs and Class Counsel pursuant to the Settlement reached between Plaintiffs and Defendant SS&C Technologies, Inc. ("SS&C") (Plaintiffs and SS&C collectively the "Parties").[1]

2. This supplemental declaration is being submitted in response to the Court's Order dated October 25, 2024 (ECF Docket No. 129).

Amendment to the Settlement Stipulation

3. The Parties' amendment to the Settlement Stipulation ("Amendment") provided to the Court on July 2, 2024 (ECF Docket No. 122) was agreed to by the Parties to address Class Members who would have been ineligible to receive any monetary allocation from the Settlement. Specifically, these were Class Members who submitted timesheets each week during the relevant

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed in the Settlement Stipulation.

-1-

settlement time period and did not report that they worked any overtime hours. The Amendment provides that, regardless of actual calculated overtime damages, Participating Class Members receive at least $100 from Fund One. The Amendment also provides that, regardless of actual calculated overtime damages, Participating Class Members who submitted a valid Claim Form would receive at least $100 from Fund Two. There are 62 Participating Class Members with no actual overtime damages, 11 of whom also submitted a valid Claim Form. In addition to those with no calculated overtime damages, the Amendment also increased the settlement amount for 19 Class Members whose overtime damages were less than $100 after applying the applicable Business Unit-specific discount percentages. Participating Class Members whose monetary allocation was increased by the Amendment are hereinafter collectively referred to as "Amendment Class Members."

4. The Amendment was not distributed in a supplemental notice to Class Members. The Court-approved Notice provided to the Class Members summarized the proposed Settlement and directed Class Members to view the Settlement Stipulation and other relevant documents on the docket for this action, should they require more information.[2] The Amendment was publicly filed with the Court and was available on the docket as of July 2, 2024—just one day after the Notice Package was mailed to Class Members. The Court did not order the Parties to serve a supplemental notice. The Parties also did not believe a supplemental notice was necessary. The purpose of the Amendment is to ensure that all Participating Class Members receive a payment from the Settlement. Amendment Class Members comprise approximately 10% of the Class and the total allocation they would receive pursuant to the Amendment is *de minimis* - approximately

---

[2] The Class consists of educated, English speakers who regularly use computers for work. Many have been following the proceedings of this action for some time.

$8,500 from the $5 million Gross Settlement Amount.[3] The Settlement Stipulation permits the Parties to adjust overtime damage calculations in certain situations and add eligible Class Members omitted from the class list and recalculate each person's percentage share of the total points of all Participating Class Members. (*See, e.g.*, Settlement Stipulation §§ 5(b), 12(d)(i), 12(i).) Most importantly, the information distributed in the Notice still adequately put Class Members on notice of the Settlement as this Court originally determined in the Preliminary Approval Order.[4] (*See* Ex. C, Notice Package, ECF Docket No. 126-3; ECF Docket No. 121.) Amendment Class Members were already on notice that they could receive nothing from the Settlement. None opted-out, nor objected to the Settlement, and all will now automatically receive a check for more money than they would otherwise have received. All Class Members were also on notice that their pro rata share of the Settlement would depend on the claims of other Participating Class Members.

5. Class Counsel also did not believe a supplemental notice was in the best interest of the Class. A supplemental mailing would have added thousands of dollars in administrative costs and could have delayed the Settlement. This would have negatively impacted the other approximately 90% of Participating Class Members who had calculated overtime damages and thus much more at stake in this Action and Settlement.

6. Information about the Amendment was also relayed to Class Members who communicated with Class Counsel, to the extent relevant to the Class Members' inquiry.

7. As such, final approval of the Settlement is still proper.

---

[3] Approval of this Settlement, as amended, is likely the only chance for Amendment Class Members with no calculated overtime damages to recover for the claims brought in this action.

[4] For example, three Class Members without calculated overtime damages contacted Class Counsel because they worked overtime but did not include that overtime in their weekly timesheets. Based on affidavit testimony, the Parties agreed to revise overtime damages for these Class Members, which then exceeded the Amendment's minimum guarantee.

Claim Administration Fees and Costs

8.    Plaintiffs seek final approval of $37,500 estimated Claims Administrator Fees and Expenses that were preliminarily approved by the Court. However, because the final amount of fees and costs that will be incurred by the Claims Administrator in administering the settlement is still unknown, Plaintiffs reserve the right to request approval of additional Claims Administrator Fees and Expenses prior to the final distribution of the Settlement.

9.    Although not a final accounting, a supplemental declaration from SCS with fees and costs incurred to date is attached hereto as Exhibit 2.

10.    Prior to the final distribution of the Settlement, the Claims Administrator will provide a final accounting of its fees and costs to the Parties. Plaintiffs will then submit a request to the Court for final approval of any amounts in excess of the $37,500 estimate.

11.    Upon subsequent review, paragraph 9 of the Proposed Order submitted with the Motion for Final Approval mistakenly had language pertaining to the deadline for a final accounting. (*See* Proposed Order in Motion for Final Approval, ECF Docket No. 125-2, ¶ 9) (referring to "reimbursement from the QSF prior to the final distribution.") Class Counsel submit the following revised language for paragraph 9: "In accordance with the Settlement Stipulation, the Claims Administrator shall provide a final accounting of SCS's work, fees and expenses to the Parties and shall be entitled to reimbursement from the QSF in the amount approved by the Court no later than twenty calendar days after the Effective Date." We apologize for this oversight.

12.    A revised Proposed Order is attached hereto as Exhibit 1.

CAFA Notice

13.    A declaration from SS&C's Counsel Liza M. Velazquez addressing the Court's

questions regarding the CAFA notice is attached hereto as Exhibit 3.

Dated: New York, New York
      October 29, 2024

                        VIRGINIA & AMBINDER, LLP

                        <u>/s/Kara Miller</u>
                        Kara Miller, Esq.

                        40 Broad Street -- 7th Floor
                        New York, New York 10004
                        Tel : (212) 943-9080
                        Fax: (212) 943-9082
                        kmiller@vandallp.com