**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Christine Chen, Michael Nguyen, and all other similarly situated employees of SS&C, <br><br> Plaintiffs, <br><br> v. <br><br> SS&C TECHNOLOGIES, INC., <br><br> Defendant. | Civil No.: 22-cv-02190 (JPC) (SLC) |

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF THE SETTLEMENT ON BEHALF OF NAMED PLAINTIFFS AND THE CERTIFIED SETTLEMENT CLASS, AWARDING CLASS COUNSEL ATTORNEYS' FEES AND COSTS, AWARDING SERVICE PAYMENTS TO NAMED PLAINTIFFS, AND DISMISSING THE CLASS LITIGATION WITH PREJUDICE AS AGAINST DEFENDANT**

THIS MATTER having come before the Court on Plaintiffs' unopposed motion for final approval of the Settlement[1] on behalf of Named Plaintiffs and the certified Settlement Class, awarding Class Counsel attorneys' fees and costs, awarding Service Payments to the Named Plaintiffs, and dismissing the litigation with prejudice as against Defendant (hereinafter "Motion for Final Approval"). Defendant SS&C does not oppose the Motion.

WHEREAS the Court's June 17, 2024 Order granted preliminary approval of the Settlement and certified the Settlement Class ("Preliminary Approval Order") (ECF Docket No. 121);

WHEREAS the Court held a fairness hearing on October 31, 2024;

WHEREAS the Court has received an affidavit attesting to the mailing of the Court-approved Notice Packages by first-class mail in accordance with the Preliminary Approval Order

---

[1] Capitalized terms in this Order that are not otherwise defined have the meaning ascribed in the Settlement Stipulation. (*See* ECF Docket No. 120.)

1

and to the mailing of the notices pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA") and

WHEREAS the Court has considered all papers filed and proceedings in this case, including the Motion for Final Approval, the memorandum in support thereof and the Declaration of Kara Miller and exhibits annexed thereto, the Declaration of Claim Administrator Cornelia Vieira of Strategic Claims Services ("SCS") and exhibits annexed thereto, and the papers filed on October 29, 2024, which included a Supplemental Declaration of Kara Miller, Declaration of Liza M. Velazquez, and additional Declaration of Claim Administrator Cornelia Vieira of SCS and exhibits annexed thereto:

IT IS on this __13th__ day of __November__, 2024 hereby ORDERED as follows:

1.      This Court has jurisdiction over the subject matter of the Class Litigation and over all settling parties hereto, including all members of the Settlement Class.

2.      The Court grants final approval of the Settlement on behalf of Named Plaintiffs and the certified Settlement Class, as memorialized in the Settlement Stipulation and Amendment to the Settlement Stipulation.  The Court finds that, pursuant to Fed. R. Civ. P. 23(e), the Settlement is fair, reasonable, and adequate in light of the factual, legal, practical and procedural considerations raised by this lawsuit, and that approval is in the best interest of the Class Members. The Court also finds that the considerations set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000) ("*Grinnell* factors") have been satisfied.

3.      The Court-approved Notice Packages were mailed in conformity with this Court's Preliminary Approval Order satisfying the requirements of Rule 23(c)(2)(B) and due process, and

constituted the best notice practicable under the circumstances.  The Court finds that the notice was clearly designed to advise the Class Members of their rights.

4.    The Court finds that Defendant has complied adequately with the CAFA notice provisions.

5.    The Settlement Stipulation and Amendment to the Settlement Stipulation shall be deemed incorporated herein and shall be consummated in accordance with the terms thereof. Without further order of the Court, however, the Parties may agree in writing to reasonable extensions of time to carry out the provisions of the Settlement Stipulation.

6.    The Claims Administrator shall distribute the funds in the QSF in accordance with the terms of the Settlement Stipulation.

7.    Class Counsel Virginia & Ambinder, LLP's application for attorneys' fees in the amount of $1,635,122.82, and request for reimbursement of costs in the amount of $14,877.18 is granted. These fees and costs shall be paid from the QSF.

8.    For services rendered on behalf of the Class Litigation and the Settlement Class, Named Plaintiff Chen and Named Plaintiff Nguyen shall be awarded Service Payments in the amount of $30,000 each, payable from the QSF. Upon the Effective Date, they shall release the Service Payment Recipient Released Claims as set forth in the Settlement Stipulation.

9.    In accordance with the Settlement Stipulation, the Claims Administrator shall provide a final accounting of SCS's work, fees and expenses to the Parties and shall be entitled to reimbursement from the QSF in the amount approved by the Court no later than twenty calendar days after the Effective Date.

10.    The Court has reviewed the Declaration of Cornelia Vieira, the Project Manager of the Claims Administrator, Strategic Claims Services ("SCS"), dated October 29, 2024, setting

forth actual fees and expenses incurred thus far of $26,236.78 and stating that final fees and expenses are likely to exceed the $37,500 estimate preliminarily approved by the Court. The Court finds reasonable, and hereby approves, fees and expenses for SCS actually incurred up to $37,500. Should SCS incur fees and expenses beyond this amount, Plaintiffs shall request approval from the Court for distribution of additional funds from the QSF for such additional fees and expenses prior to the final distribution of the Settlement.

11.    Plaintiffs shall request approval from the Court prior to distribution of any unused funds from the QSF to charity.

12.    This Order shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

13.    Without affecting the finality of this judgment, this Court shall retain continuing exclusive jurisdiction over the Parties and all matters relating to the Class Litigation and/or the Settlement, including the consummation, interpretation, and implementation of the Settlement.

14.    The "Effective Date" shall be thirty-five (35) calendar days after the Court's entry granting final approval of the Settlement ("Final Approval Order") if no party appeals the Final Approval Order.  If any party appeals or seeks other judicial review of the Final Approval Order, the Effective Date shall be the date on which all such appeals (including, *inter alia*, petitions for rehearing or reargument, petitions for rehearing *en banc*, and petitions for *certiorari* or any other form of review) have been finally adjudicated and the Final Approval Order can no longer be appealed or reviewed.

15.    Upon the Effective Date, this Class Litigation and all claims asserted in it shall be dismissed with prejudice.

16.     Upon the Effective Date, Participating Class Members shall release all Released Claims as set forth in the Settlement Stipulation and shall be permanently enjoined from pursuing and/or seeking to reopen claims that have been released pursuant to the Settlement Stipulation.

17.     Neither this Final Order and Judgment nor the Settlement Stipulation, or any and all negotiations, documents and discussions associated with them shall be deemed or construed to be an admission or evidence of any violation of any statute or law, of any liability or wrongdoing by Defendant, or the truth of any of the claims or allegations contained in the Complaint or any other pleading or document, nor shall the Settlement be used or referred to in any subsequent motion for class certification as against Defendant.

18.     The Court hereby sets the following final settlement procedure:

| | |
|---|---|
| November 20, 2024 | **Seven (7) calendar days after Final Approval:**<br><br>The Claims Administrator shall calculate Participating Class Members' Final Settlement Payments. |
| | **Twenty (20) calendar days after the Effective Date (as defined above):**<br><br>Deadline by which the Claims Administrator shall mail to each Participating Class Member his or her Settlement Check, shall mail Service Payments to Named Plaintiffs, and shall mail attorneys' fees and costs to Class Counsel. |

19.     This Order shall be a Final Order and Judgment pursuant to Federal Rule of Civil Procedure 54(b). The direction of the entry of final judgment pursuant to Rule 54(b) is appropriate and proper because this judgment fully and finally adjudicates the claims of Plaintiffs and the Settlement Class in this Class Litigation, allows consummation of the Settlement, and will expedite the distribution of the Settlement proceeds to the members of the Settlement Class. Upon the

Effective Date, all Participating Class Members, Plaintiffs and Defendant shall be bound by the

terms of the Settlement Stipulation and by this Final Order and Judgment.

_____
Honorable John P. Cronan